UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
WILLIAM ESCALERA,

        Plaintiff,

-v-

SUPERINTENDENT A. TAYLOR,

        Defendant.
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 0 2009

No. 06 Civ. 13635 (LTS)(THK)

### ORDER ADOPTING REPORT AND RECOMMENDATION

        Pro se Petitioner William Escalera ("Petitioner" or "Escalera") brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 against Respondent, Superintendent A. Taylor ("Defendant" or "Superintendent"), on the grounds that the New York State Department of Correctional Services ("DOC") had illegally added five years of post-release supervision to his sentence. On October 7, 2008, Magistrate Judge Theodore H. Katz, issued a Report and Recommendation (the "Report"), recommending that the petition be dismissed with prejudice as moot because the Petitioner has already obtained all of the relief to which he would have been entitled in connection with his pending second amended petition. The Court received a letter dated October 8, 2008, from the Respondent in support of the Report's determination that the action should be dismissed with prejudice. The Court subsequently received letters dated November 24, 2008, from Petitioner which the Court construed as objections to the Report. (See Docket Entry No. 28.)

### BACKGROUND

        Escalera's original petition for writ of habeas corpus was received by the Court's Pro Se Office on September 18, 2006. Then-Chief Judge Kimba Wood issued an Order, dated

Copies mailed/faxed to Counsel of Record
Chambers of Judge Swain
9-10-09

December 1, 2006, allowing Petitioner to proceed in forma pauperis, denying Petitioner's petition insofar as he challenged his judgment of conviction on a Fourth Amendment ground, and directing Petitioner to file an amended petition wherein he would identify all of the grounds being asserted for habeas corpus relief, allege facts demonstrating whether he had fully exhausted through all available state court channels all of the available habeas grounds asserted in the amended petition, and allege facts supporting each of the habeas corpus grounds asserted in the amended petition. (See Docket Entry No. 2.)

On January 11, 2007, Petitioner submitted an amended petition. By Order dated March 12, 2007, Judge Wood directed Petitioner to file a second amended petition because, although Petitioner " in his amended petition, has listed many grounds for habeas corpus relief . . . it is unclear as to whether Petitioner has fully exhausted such grounds through the courts of the State of New York." (See Docket Entry No. 5.) Petitioner was again directed to list all possible grounds for habeas corpus relief he believed were available to him under federal constitutional law, how he had exhausted such grounds, and to allege facts supporting each of the grounds raised. Judge Wood also indicated that the proper respondent was the Superintendent of the of the Gouverneur Correctional Facility and that, to the extent that Petitioner might be attempting to challenge a previous conviction for which was no longer in custody, his challenge would fail. (Id.) Petitioner was advised that "any second amended petition submitted will completely replace, not supplement, his original petition and amended petition. Therefore, any allegation that he wishes to preserve must be alleged again in his second amended petition." (Id. at p. 6 (emphasis added).)

Plaintiff filed a second amended petition on April 17, 2007. By Order dated June 18, 2008, Magistrate Judge Katz stayed the action to allow Petitioner to exhaust the only claim that Judge Katz read as being presented in the second amended petition – that the DOC had illegally

added five years of post-release supervision to Petitioner's sentence. (See Docket Entry No. 22.) The parties subsequently advised Judge Katz that Petitioner's Article 78 proceeding had been successful and that, in a Decision and Order dated September 2, 2008, the New York Supreme Court, Albany County, had vacated and expunged Petitioner's period of post-release supervision. Judge Katz then issued the October 7, 2008, Report recommending that the Court dismiss the action with prejudice as moot.

Petitioner objected, arguing that his habeas petition challenged more than just the DOC-imposed post-release supervision and that the initial petition challenged his conviction as a whole. Petitioner subsequently filed a Supplement to the second amended petition. (See Docket Entry No. 36.) In the Supplement, Petitioner argues, inter alia, that he has been re-sentenced to post-release supervision. (Id.)

## DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, if the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See United States ex rel. Casa Redimix Concrete Corp. v. Luvin Construction Corp., 00 Civ. 7552 (HB), 2002 WL 31886040, at *1 (S.D.N.Y. Dec. 27, 2002); Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report and Recommendation "are to be specific and are to address only those portions of the proposed findings to which the party objects."

Camardo, 806 F. Supp. at 381-382.  In a case "where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Johnson v. New York University School of Education, No. 00 Civ. 8117, at * 1, 2003 WL 21433443 (S.D.N.Y. June 16, 2003).

Petitioner does not make specific objections to Judge Katz's recommendation that the Petitioner's challenge to the DOC-imposed post-release supervision is moot.  The Court has thoroughly reviewed Judge Katz's Report and finds no clear error in that recommendation.  Accordingly, the Court adopts Judge Katz's Report and Recommendation insofar as it recommends that the Court dismiss Petitioner's challenge to the DOC-imposed post-release supervision as moot.

Plaintiff, however, does specifically object to Judge Katz's treatment of the second amended petition as only raising the issue of the imposition of Plaintiff's post-release supervision.  The Court reviews that objection de novo.  The Court has reviewed thoroughly Plaintiff's second amended petition and finds that that petition raises only the issue of the imposition of the post-release supervision.  The Court reads Plaintiff's references to his earlier pleadings in the introduction of the Petition as providing only background as to the claim being asserted and not as incorporating by reference all arguments made in those pleadings into second amended petition.  Additionally, Petitioner's reference in the second amended petition to the exhaustion of administrative remedies in an attempt to remove the post-supervision release portion of his sentence, his argument that modification of his sentence violated his rights, and his citations of and quotations from cases addressing imposition of post-release supervision and other extra-judicial sentence imposition, are all indicative of a claim limited to Plaintiff's post-release supervision.  Even read liberally, the Court finds that Plaintiff's second amended petition does not raise grounds that he had included in his previous, defective, petitions.

However, the Court will refer this proceeding to Magistrate Judge Katz for a further recommendation as to whether the claims identified in the Supplement to the second amended petition are timely and can properly be asserted in the context of this habeas corpus proceeding.

SO ORDERED.

Dated: New York, New York
September 10, 2009

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
United States District Judge