USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 25 JAN 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

WILLIAM ESCALERA,

            Plaintiff,

-v-

SUPERINTENDENT A. TAYLOR,

            Defendant.

-----------------------------------------------------------x

No. 06 Civ. 13635 (LTS)(THK)

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Petitioner William Escalera ("Petitioner" or "Escalera") brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 against Respondent, Superintendent A. Taylor ("Defendant" or "Superintendent"), on the grounds that the New York State Department of Correctional Services ("DOC") had illegally added five years of post-release supervision to his sentence. On October 7, 2008, Magistrate Judge Theodore H. Katz issued a Report and Recommendation ("October Report"), recommending that the petition be dismissed with prejudice as moot because the Petitioner has already obtained all of the relief to which he would have been entitled in connection with his pending second amended petition. The Court adopted Judge Katz's October Report, dismissing Petitioner's original claim as moot and referred the action back to Judge Katz regarding the timeliness of the due process and double jeopardy claims Petitioner raised in a Supplement to the Petition.

On December 23, 2009, Judge Katz issued a Report and Recommendation (the "December Report"), recommending that Escalera's claims relating to his re-sentencing be dismissed without prejudice. The Court received a letter dated December 30, 2009, from Petitioner

disputing the conclusions of Judge Katz's December Report.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, if the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See United States ex rel. Casa Redimix Concrete Corp. v. Luvin Construction Corp., 00 Civ. 7552 (HB), 2002 WL 31886040, at *1 (S.D.N.Y. Dec. 27, 2002); Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report "are to be specific and are to address only those portions of the proposed findings to which the party objects." Camardo, 806 F. Supp. at 381-82.

Petitioner's December 30, 2009, letter does not make specific objections to the analysis contained in Judge Katz's December Report. The Court has reviewed thoroughly Judge Katz's thoughtful Report and finds no clear error in his recommendation of dismissal. Accordingly, the Court adopts Judge Katz's December Report in its entirety. The Court hereby dismisses Petitioner's original sentencing claim as moot for the reasons stated in the September 10, 2009, order (docket no. 38), and dismisses Petitioner's claims related to re-sentencing as unexhausted, without prejudice to refiling after his state claims have been exhausted.

The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
January 25, 2010

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge